## Laura A. Herrick and others v. Samuel W. Odell.

*Bill: Proofs.* The bill in this case, for a release and redemption of certain real estate conveyed to the defendant in fee, but by way of security only, is held to be supported by the proofs, which show that the defendant's lien has been overpaid.

*Evidence: Marital relation: Confidences: Statute construed.* The testimony of one who was formerly the wife of defendant, but who had obtained a divorce from him, as to a transaction between the defendant and a third person, is not within the statute (*Comp. L.*, § *5969*) prohibiting the examination of husband or wife "as to any communication made by one to the other during the marriage."

*Heard January 9.   Decided January 29.*

Appeal in Chancery from Muskegon Circuit.

*Edwin Potter* and *C. I. Walker*, for complainants.

*Smith & Nims* and *A. T. McReynolds*, for defendant.

CAMPBELL, J.

The bill in this cause was filed to obtain a release and redemption of certain property in Muskegon, formerly belonging to Abram G. Herrick, now deceased, in behalf of whose heirs and representatives this suit is brought.

The full legal title was vested by various methods in defendant, and the bill claims that his interest was only by way of security, and that he has been overpaid.

The property in dispute consisted of certain lots in block sixty-eight, and of entire block fifty-three, in Muskegon.

The dealings between the parties, so far as it becomes important to refer to them, were substantially as follows:

In September, 1857, Herrick gave a mortgage for one thousand dollars to defendant, on a farm in Kent county. In October, 1857, he gave a mortgage for eight hundred dollars upon the same farm, and included the property now in dispute. In December, 1858, defendant advanced two hundred and twenty dollars to get the legal title to block

fifty-three, which he took in his own name, with Herrick's assent. He also let Herrick have goods at different stores, amounting to about three hundred and fifty dollars. And he claims subsequently to have taken up a tax title, or some similar claim, on block fifty-three, for ten dollars, but on this the proof is deficient. These are the money debits shown, and except the latter, not denied. This latter payment was claimed to have been made after November 9, 1860.

On the 29th of October, 1858, Herrick sold the lots in block sixty-eight to Cornelius Odell, defendant's father, subject to an outstanding mortgage, and the balance coming to him, nine hundred and forty-nine dollars, was turned over to defendant; who received his father's note therefor. This sale was absolute and so found by the court below, and although the property was afterwards conveyed to defendant by his father, we are satisfied, and it is conceded, it was conveyed in fee simple. The sum of nine hundred and forty-nine dollars is therefore chargeable to defendant as received at the date of the note, which he gave up to his father on receiving his conveyance. This left defendant confined to his security upon the farm and upon block fifty-three, for whatever might be or become due to him.

On November 9, 1860, the farm was sold by Herrick, and two thousand one hundred dollars of the purchase money paid or secured to defendant, he receiving seven hundred dollars cash and taking back a mortgage of one thousand four hundred dollars to himself, discharging the former mortgages. This left him invested with the title to block fifty-three.

If at this time the moneys received by him equaled what was due to him, he was bound to release it and pay over any balance. If less, then he could retain it as security for the balance due him. The balance must be struck as of that day, as there have been no subsequent dealings.

Abram Herrick was killed in battle in 1864, and the testimony, therefore, cannot be as clear as he might have

given if living. But defendant has shown no advances or claims except those mentioned, except a sum of about seventy dollars claimed to have been furnished on account of Cornelius Odell's purchase, which we think is not proved. Allowing this in addition to the items named above, the balance would be in Herrick's favor at the date of the farm sale, and defendant was then bound to reconvey.

There is positive testimony from a witness who was formerly the wife of defendant, but who had obtained a divorce from him, that Herrick, after the farm was sold, urged defendant very earnestly for a settlement, which defendant refused to make, while he admitted he had received more than the amount due him, and said he would pay interest at the same rate Herrick had paid him. This testimony is objected to on the ground that it is within the policy protecting the confidences of the marital relation.

The statute prohibits husband and wife as well after as during the existence of the marriage, from being "examined as to any communication made by one to the other during the marriage."—*Comp. L.*, § *5969.*

This testimony did not relate to any such communications between husband and wife, but to a transaction with a third person entirely between the husband and such third person. The statute, therefore, has no application, and the testimony violated no matrimonial confidence.

We have no doubt that defendant was indebted to Herrick on November 9, 1860, in the sum of one hundred and ninety-two dollars and sixteen cents, over and above all the money he was entitled to claim against him. The decree below should have directed an unconditional release, and the refunding of this balance, with interest.

The decree below must be so far modified as to require block fifty-three to be conveyed to the heirs at law, free from any condition or payment, instead of being made to depend on the payment of the sum charged thereon by the decree below. It must be further modified so as to require defendant to pay to the administrator of Abram G. Herrick

29 MICH.—7.

the sum of one hundred and ninety-two dollars and sixteen cents, with interest from November 9, 1860, on or before the first day of April, 1874.

Complainant to recover costs of both courts.

COOLEY, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.